**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Vodie Bishop

    v.                                              Civil No. 16-cv-263-PB

Michelle Goings, Warden,
Northern New Hampshire Correctional Facility

**REPORT AND RECOMMENDATION**

After Vodie Bishop filed his initial petition for a writ of habeas corpus (Doc. No. 1) in this matter, the court directed Bishop to:

    1. file a notice concerning whether Bishop intended to pursue this habeas action as a petition under 28 U.S.C. § 2254 or 28 U.S.C. § 2241; and

    2. demonstrate either that a) his petition was timely filed; b) the statute of limitations should be tolled in this matter; or c) he is actually innocent of each of the offenses of which he was convicted.

Bishop has filed a response (Doc. No. 5) to the court's Order and an addendum (Doc. No. 6) to that response. Bishop indicates in his response that he wishes to proceed in this matter under § 2254. Bishop also concedes that he did not begin state court post-conviction litigation in this matter until after the expiration of the statute of limitations set forth in

28 U.S.C. § 2244(d). Bishop attempts, instead, to establish that he is actually innocent of the criminal offenses of which he was convicted, and that his petition should thus be excepted from the requirement of timely filing under § 2244(d).

## Background

Bishop pled guilty on September 16, 2013 to three counts of felony sexual assault and was sentenced to three 2-5 year prison terms, to be served concurrently. Bishop is currently incarcerated pursuant to that sentence.

Bishop has now submitted information to the court indicating that he was charged with sexually assaulting a thirteen-year-old girl, M.P., on several occasions in 2011 when Bishop was twenty. Bishop has filed documents here which reveal the following facts:

- In early December 2011, M.P. reported to her mother, A.P., that M.P. was having unusual vaginal bleeding. On December 5, 2011, A.P. took M.P. to the doctor, who determined that the likely cause of the bleeding and pain was a tear in M.P.'s vaginal wall. M.P. told her mother that she had had consensual sex with an individual named "Vodie" who "tore her."

- A.P. subsequently spoke with "Vodie," who denied having sex with M.P. When a Nashua Police detective showed A.P. a photo array which contained pictures of Bishop and seven other individuals, A.P. identified another individual as "Vodie."

- On December 9, 2011, M.P. was at the gynecologist to have a

Depo-Provera[1] shot, but fainted after the doctor told M.P. that she wanted to do a pelvic examination to check on M.P.'s vaginal tear. M.P. was transported to the Southern New Hampshire Medical Center Emergency Room ("ER"). M.P. was accompanied to the gynecologist and the ER by A.P. and by M.P.'s boyfriend Robert Sperow.

- M.P. told ER personnel that she had received a vaginal tear from having sex with "my boyfriend." Later that day, in an interview with the Nashua Police Department, M.P. stated that her vaginal tear was several weeks old, and "was most likely caused" when she had sex with Bishop, with whom she reported having sex nine or ten times between September 2011 and November 2011. M.P. identified Bishop in a photo lineup.

- M.P. also told the police that she had been dating Sperow for only a short time and was not having sex with Sperow.

- M.P. told the police that on several of the occasions on which she had sex with Bishop, she bled from her vagina due to her vaginal tear, including one occasion on which M.P. saw blood on Vodie's mattress she believed to have been from her vagina.

- The state laboratory's report of DNA test results conducted in Bishop's criminal case indicated: one sample cutting from the mattress showed the presence of DNA on Bishop's mattress that could not have come from Bishop or M.P.; a second mattress sample indicated the presence of DNA material on Bishop's mattress came from a male that could have been Bishop; and a third mattress sample indicated that there was DNA material on the mattress that belonged to M.P. "[t]o a reasonable degree of scientific certainty." Doc. No. 6-13.

- M.P. told the police that Sperow was unaware that M.P. had had sex with Bishop, or that Bishop had caused her vaginal tear. M.P. told the police that Sperow believed that the tear had been caused by another individual, Johnny Michaud,

---

[1]Depo-Provera is an injectable contraceptive. See U.S. Nat'l Libr. of Med., MedlinePlus, Medroxyprogesterone Injection, https://medlineplus.gov/druginfo/meds/a604039.html (last viewed Aug. 15, 2017).

3

with whom M.P. had had sex "around Halloween" 2011. Doc. No. 6-7, at 1.

- In the state court, Bishop filed a post-conviction challenge to his conviction. The State's objection to that conviction states that Bishop "made admissions to these crimes" when providing a statement to the Nashua Police. Doc. No. 6-12.

- M.P. "did not wish to participate in the prosecution" of the state criminal case against Bishop, which resulted in a negotiated plea arrangement in Bishop's criminal case. Id.

## Discussion

Where, as here, a § 2254 petition is filed after the statute of limitations has expired, the court may allow the petition to proceed if the petitioner can make a credible claim of actual innocence. See generally McQuiggin v. Perkins, 133 S. Ct. 1924, 1933-36 (2013).

> For a petitioner to pass through the actual innocence gateway, such that his claims, though procedurally barred, may nevertheless be heard by a federal court, he must present a claim of actual innocence [that is] both credible and compelling. For the claim to be credible, it must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. For the claim to be compelling, the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

Stephenson v. Connecticut, 639 F. App'x 742, 744 (2d Cir. 2016) (internal quotation marks and citations omitted).

4

Bishop asserts that the following facts in particular, which were not presented to the trial court, provide compelling evidence of his actual innocence of sexual assault: 1) M.P.'s mother did not identify Bishop in a photo lineup after stating she had spoken with Bishop; 2) while M.P. was dating Sperow, M.P. told a nurse that her tear was caused by "having sex with [my] boyfriend"; and 3) M.P. appears to have told Sperow that her vaginal tear had been caused by having sex with Michaud. While these facts may have been fodder for challenging the credibility of one or more witnesses at trial, or may have been the basis of a defense theory at trail (had Bishop gone to trial instead of pleading guilty), they do not demonstrate that Bishop did not commit the sexual assaults of which he was convicted. Put another way, the facts to which Bishop points, as evidence of his innocence, do not demonstrate "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." Id.

Accordingly, Bishop has failed to meet his burden to demonstrate a credible and compelling claim of actual innocence. For that reason, the district judge should not except the pending petition from the applicable statute of limitations, and should dismiss the petition as untimely.

## Conclusion

For the foregoing reasons, the habeas petition (Doc. No. 1) should be dismissed as untimely filed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 17, 2017

cc: Vodie Bishop, pro se

6